# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **RICARDO CARMICHAELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 4:05-CV-1185-SNL |
| | ) |
| **STATE OF MISSOURI, CITY OF ST. LOUIS,** | ) |
| **and METROPOLITAN CITY OF ST. LOUIS** | ) |
| **PSYCHIATRIC CENTER,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Ricardo Carmichaell for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**Analysis**

Plaintiff seeks monetary and injunctive relief in this 42 U.S.C. § 1983 action against defendants State of Missouri, City of St. Louis and Metropolitan City of St. Louis Psychiatric Center. At the outset, the Court finds that the instant action is legally frivolous.

Neither defendant State of Missouri nor defendant Metropolitan St. Louis Psychiatric Center, an agency of the State of Missouri, is a "person" for purposes of a § 1983 action. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). "*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court." *Howlett By and Through Howlett v. Rose*, 496 U.S. 356, 365, 110 S.Ct. 2430, 2437 (1990); *see also Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc) (§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000).

Moreover, plaintif's claims against the City of St. Louis are legally frivolous because he has failed to allege that any unlawful actions by defendant City of St. Louis were taken pursuant to policy or custom. *See Monell v. Department of Social Services*, 436 U.S. 658, 691-94 (1978).

2

Also and in the alternative, although a pro se complaint is to be liberally construed, the complaint must, nevertheless, contain a short and plain summary of facts sufficient to give fair notice of the claim asserted. FED. R. CIV. P. 8(a); *Means v. Wilson*, 522 F.2d 833, 840 (8th Cir. 1975). The Court will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. *See Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988). Having carefully reviewed the complaint, the Court concludes that plaintiff has failed to state sufficient facts to give fair notice of the claim asserted. The allegations are not short and plain, and even affording the complaint a liberal construction, the Court is unable to ascertain the nature of plaintiff's claims. For these reasons, the complaint will be dismissed, without prejudice.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's remaining motions [Docs. #4, #5 and #6] are **DENIED**, as moot.

An appropriate order shall accompany this order and memorandum.

Dated this 27th day of September, 2005.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**